UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY G. HUNT

        Petitioner,

                                                Case Number 04-10046-BC
v.                                          Honorable David M. Lawson

HUGH WOLFENBARGER

        Respondent.
_____/

### ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR AN ORDER TO COMPEL DISCOVERY, FOR APPOINTMENT OF COUNSEL, AND FOR ORAL ARGUMENT

This matter is before the Court on three motions filed by the petitioner. The first asks the Court to issue an order compelling the respondent to produce certain discovery materials, the second requests appointment of counsel, and the third seeks oral argument on the merits of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. These requests presently are without basis, and therefore the Court will deny them without prejudice.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). At this time, the petitioner has not made the requisite showing of "good cause" that the requested items are necessary to the disposition of this case. *Id.* at 1799; 28 U.S.C. foll. § 2254, Rule 6(a). Once an answer to the petition has been filed with the Court, the petitioner may request that additional materials be obtained and reviewed if he believes that those proffered are insufficient or incomplete.

The petitioner also has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a

privilege and not a right.'" *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."). In this case, the interests of justice do not require appointment of counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). If, however, the Court determines that an evidentiary hearing or discovery are necessary, the Court may revisit the petitioner's motion.

Finally, pursuant to Local Rule, the Court ordinarily does not grant oral argument when a party is in custody. *See* E.D. Mich. LR 7.1(e)(1). In addition, the Court is not yet in a position to determine if oral argument is warranted in this case. The Court is mindful of the petitioner's request and will reassess the need for oral argument after it has had an opportunity to review the papers in due course.

Accordingly, it is **ORDERED** that the petitioner's motion for an order to compel discovery [dkt # 36], motion for appointment of counsel [dkt #38], and motion for oral argument [dkt # 37] are **DENIED WITHOUT PREJUDICE**.

Dated March 16, 2006                    s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2006.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS